LARRY G. SMITH, Judge,
specially concurring.
I concur in the affirmance, but with emphasis on the limited scope of our review in this case, which has been presented to us on the sole issue of whether the trial court erred in denying appellants’ motion for directed verdict at the close of all the evidence. I wish further to underscore the principle that officers are not required to perform an error-free investigation of a complaint of criminal activity, the final determination of claims of innocence being in the hands of the judge and jury. See, Baker v. McCollan, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979), which, although involving a § 1983 civil rights action, contains pertinent observations concerning the duties of arresting officers. Further, as re-emphasized in the recent case of Illinois v. Gates, cited in the majority opinion, only the probability — not a prima facie showing — of criminal activity is the standard of probable cause, and the actions of police officers are to be judged as reasonable and prudent men, not legal technicians.
I do not wish to leave the impression that I would approve the jury’s consideration of the rather wide-ranging evidence as to the complainant’s prior activities, character, and mental state upon which appellee appears to rely in his argument as to the absence of probable cause. An officer should not be required to conduct a neighborhood survey or comb the social register in order to determine if a complainant is indeed a “crank” or a “crackpot,” and if he acts under a reasonable belief to the contrary, based upon a reasonable assessment of the circumstances confronting him, I am of the view that an arrest should be upheld. One additional pertinent fact (among others) supporting the result in this case is that when the officer responded to the call he found the complainant painting a house, which is not exactly what one would normally expect of one claiming to be the recent intended victim of an assailant’s bullet.
I think it may be helpful in a case like this to ponder whether the result might have been vastly different if a concealed weapon or contraband had been found on the person of the arrestee and he was being tried for those offenses.